STATE OF MISSOURI, Appellant, v. ROBERT BOATRIGHT, Respondent.

St. Louis Court of Appeals, March 26, 1895.

Criminal Law: VAGRANCY: INDICTMENT. An indictment for vagrancy, which charges the defendant with all the statutory elements of that offense, is valid, though, in addition, it contains other insufficient allegations as to another offense, namely, gambling.

*Appeal from the Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

No brief filed by either appellant or respondent.

BOND, J.—The defendant was arrested under the following indictment:

"STATE OF MISSOURI, } ss.
"County of Jasper.

"In the Jasper county circuit court, September term, 1893.

"The grand jurors for the state of Missouri, impaneled, sworn and charged to inquire within and for the body of the county of Jasper, and state aforesaid, upon their oath present and charge that Robert Boatright, on the twentieth day of September, 1893, at and within the county of Jasper and state of Missouri, was found unlawfully loitering around houses of ill fame, gambling houses and places where liquors are sold and were sold and drank, without any visible means of support, and was then and there engaged in an unlawful calling, to wit: the calling and business of gambling; against the peace and dignity of the state.

"JOHN T. JAMES,
"Prosecuting Attorney."

A change of venue was taken to Newton county, where defendant moved the court to quash the indictment, *supra*, *first*, for duplicity, *second*, for failure to charge any offense, and, *third*, for failure to inform defendant of the offense charged. This motion was sustained and defendant discharged, from which ruling, after an unsuccessful effort to have it set aside, the state appealed.

The indictment in this case seems to have been drawn under the statute defining the offense of vagrancy. Revised Statutes, 1889, section 3841. This statute specifies a number of acts which shall constitute vagrancy. It also provides that every person, who "shall be engaged in any unlawful calling whatever, shall be deemed a vagrant." In the foregoing

indictment defendant is charged generally with acts of vagrancy and also with being engaged in an unlawful calling, to wit: "calling and business of gambling." The indictment wholly fails to describe the latter offense, other than by the use of the last quoted language. The indictment in the present case contains all the statutory elements of the offense of vagrancy. It is in exact accordance with the form prescribed in Kelly's Criminal Law and Practice, section 985. The fact that it also contains other allegations as to gambling, insufficient to charge that offense, does not vitiate that portion which aptly charges vagrancy. All beyond this may be rejected as surplusage. The ruling of the trial court sustaining the motion to quash will, therefore, be reversed and the cause remanded. All concur.